THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    Plaintiff<br><br>        v.<br><br>**2007 33' HYDRA SPORT VESSEL**<br><br>    Defendant | Civil Case No. 12-1183 (PG) |

## OPINION AND ORDER

Before the Court are the United States' various requests to strike claimant Luis Oyola Marquez' answer to the complaint and claim for return of the seized defendant vessel. See Docket Nos. 16, 22 and 25. The government argues that Oyola has failed to provide evidence of an actual ownership interest in the defendant vessel and thus, lacks standing to contest the forfeiture. For the reasons set forth in this Opinion and Order, the requests are GRANTED.

### I.   Factual and Procedural Background

The United States of America filed the Verified Complaint for Forfeiture in Rem against the defendant vessel labeled as "Triple Threat" and described as a 2007 33' HYDRA SPORT VESSEL, bearing registration number PR-6645AC and serial number GHYVHA05E607. See Docket No. 2. The facts and circumstances surrounding the seizure and forfeiture of the vessel are set forth in an unsworn declaration, signed by United States Drug Enforcement Administration Special Agent, Gabriel Hill, which was attached to the Verified Complaint. See Docket 2-1. Claimant Luis Oyola Marquez appeared to contest the seizure of the vessel claiming that he was the owner. See Docket No. 10. Oyola also requested the return of the confiscated vessel. Id.

The government moved to strike the answer to the complaint and Oyola's claims on the grounds that claimant had failed to properly answer a special set of interrogatories aimed at determining whether he had a sufficient interest in the property. See Docket No. 16 at ¶ 1. According to the government, seeing as Mr. Oyola did not respond to discovery requests and did not provide evidence as to his standing to contest the

forfeiture, his claims of ownership and return should be stricken from the record. Id.

The court ordered Mr. Oyola to respond to the Special Interrogatories within 21 days from entry of the Order. See Docket No. 17. On January 28, 2014 Oyola filed a motion in compliance stating that he had "indeed complied with the Plaintiff's claim and has responded to interrogatories." See Docket No. 19. He attached several income tax returns. Id. Shortly thereafter, the government reiterated its petition to strike petitioner's claim arguing that neither the motion nor the documents attached responded in any way to the special interrogatories. See Docket No. 22. Oyola once again opposed the request. See Docket No. 23.

In its next submission, the government stated that Oyola had finally filed his response to the interrogatories, albeit more than five months after their notification. See Docket No. 25. In any case, the government said, the responses were incomplete at best. Citing to Supplemental Rule G(8)(c) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, the government restated its request that petitioner's claim be stricken. Id.

## II. LEGAL STANDARD

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provide that a claimant can contest a forfeiture by filing a claim, signed under penalty of perjury, which identifies the property and the interest, within a certain time period following notice of the complaint. Supplemental Rule G(5)(a)(i). To establish standing to contest a civil forfeiture, a claimant must put forth some additional evidence of ownership in addition to his allegation of ownership. U.S. v. U.S. Currency, $81,000.00, 189 F.3d 28, 35 (1st Cir. 1999)(citing United States v. $38,570 U.S. Currency, 950 F.2d 1108, 1113 (5th Cir.1992).

The government may then serve "special interrogatories limited to the claimant's identity and relationship to the defendant property." Supplemental Rule G(6). The answer or objections to these interrogatories must be served within 21 days after the interrogatories are notified. Id. The purpose of the Rule G(6) special interrogatories "is to smoke out fraudulent claims—claims by persons who have no colorable claims." United

States v. Funds in the Amount of $574,840, 719 F.3d 648, 650 (7th Cir.2013).

Hence, Supplemental Rule G(8)(c)(i)(A) provides that the government may move to strike a claim or answer, at any time before trial, for failure to comply with Rule G(5) or (6)—the provisions which govern responsive pleadings, such as claims and answers, and special interrogatories.

### III. ANALYSIS

According to the government, Oyola did not provide sufficient evidence in his answers to the special interrogatories to support his claim of ownership of the defendant vessel. Upon review of the responses, the Court agrees.

In Special Interrogatory No. 3, Oyola is required to "[s]tate with particularity" his "current interest" in the vessel. Mr. Oyola simply responded" "[i]t is my personal vessel and I hold [sic] fee simple absolute." See Docket No. 25-1 at page 3. Mr. Oyola did not submit any documentation to support his ownership claim.

Likewise, when asked how he came into possession of the vessel, "including a detailed description of the transaction(s) that generated the acquisition of the vessel," Mr. Oyola answered that he "personally purchased the vessel from a boat dealer." See Docket No. 25-1 at page 3. He did not recall the name of the salesman nor did he explain the provenance of the funds that he used to pay for the vessel. Id.

The government admits that the vessel was registered in Mr. Oyola's name at the time that it was seized. However, the property's storage fees were paid by someone else; an individual named Jehiel Estrada Peña. See Docket No. 2-1 at page 3. Mr. Estrada received two fines while he was in control of the vessel on 2010 and 2011. Id.

When asked to explain his relationship with Mr. Estrada, Claimant simply said that "[t]his individual [Estrada] has a business next to my business." See Response to Special Interrogatory No. 9, Docket No. 25-1 at page 5. As to why Mr. Estrada was paying the storage fees for the Defendant vessel, Claimant expressed: "[m]y understanding is that he was paying me because he owed me money from rentals of equipment from my business." See Response to Special Interrogatory No. 10, Docket No. 25-1 at page 5.

This explanation is insufficient and leaves behind more questions than answers. What kind of business does Mr. Estrada have? What kind of agreement did he enter into with Mr. Oyola whereby he would directly pay the storage fees for a vessel supposedly owned by Mr. Oyola? Why did Mr. Estrada received two fines related to the defendant vessel in 2010 and 2011?

The answers to those questions would shed light on Mr. Oyola's claim of ownership but he repeatedly failed to address them despite being prompted on numerous times to show that he has a colorable possessory interest in the defendant property. Courts have relied on Rule G(8)(c)(i)(A) to strike claims for failure to answer the special interrogatories. See e.g. U.S. v. $285,350.00 in U.S. Currency, 547 Fed.Appx. 886, 887 (10th Cir. 2013) (affirming judgment of District Court striking claimant's claim of ownership for failure to answer the complaint); United States v. $4,290.00 in U.S. Currency, No. 12–3141, 2014 WL 859561, at *4 (C.D.Ill. Mar. 5, 2014)(striking claim for failing to adequately respond to Rule G special interrogatories and to comply with discovery orders and requests).

In addition, Oyola cites no legal authority that would support his claim of standing. The fact that the vessel is in Oyola's name does not alone warrant the return of the property. Faced with a similar set of facts, in U.S. v. U.S. Currency, $81,000.00, the court pointed out that while claimant in that case had legal title to the seized property "the question still remains whether he is a nominal or straw owner of the property or a legal owner who exercised dominion and control." U.S. v. U.S. Currency, $81,000.00, 189 F.3d 28, 35 (1st Cir. 1999). Because "[c]ourts have uniformly rejected standing claims put forward by nominal or straw owners…even possession of legal title to the res may be insufficient to establish standing to contest the forfeiture." Id. (citation omitted).

Even though the defendant vessel is registered to Oyola, it was Mr. Estrada who carried out affirmative acts of possession, such as paying the docking fees and inquiring about the vessel's whereabouts at the marina. See Docket No. 2-1 at ¶¶ 4-5. Estrada was even fined twice while in possession of the vessel. Id. Hence, the Court harbors no doubt that claimant has failed to show standing to contest the forfeiture.

Therefore, IT IS HEREBY ORDERED AND ADJUDGED that the United States' motions to strike the claim of Luis Oyola Marquez (Docket Nos. 16, 22 and 25) are GRANTED. The Verified Claim and Answer to Complaint for Forfeiture in Rem filed by Luis Oyola Marquez in the above-captioned case are STRICKEN pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for failure to comply with Supplemental Rule G(6).

**IT IS SO ORDERED**

In San Juan, Puerto Rico, November 18, 2014.

                                                  S/<u>JUAN M. PEREZ-GIMENEZ</u>
                                                   JUAN M. PEREZ-GIMENEZ
                                                   U.S. DISTRICT JUDGE